DECISION AND JOURNAL ENTRY
Appellant Nationwide Mutual Fire Insurance Company (Nationwide) has appealed from an order of the Summit County Common Pleas Court that entered final judgment in favor of Appellees Wanda and Harold Pickering (Pickerings) in the amount awarded by a panel of arbitrators. This Court reverses and remands for proceedings consistent with this decision.
 I.
On January 8, 1999, the Pickerings filed a complaint in the Summit County Common Pleas Court, seeking damages under a policy of insurance issued by Nationwide. In their complaint, the Pickerings alleged that they were insureds under that policy and that they were entitled to receive underinsured motorists benefits as a result. Nationwide answered and discovery was undertaken.
The trial court held a pre-trial conference wherein it ordered the matter referred to arbitration pursuant to Loc.R. 10.02 of the Court of Common Pleas of Summit County, General Division. Subsequently, an arbitration hearing was held, and an award was returned in favor of the Pickerings. Nevertheless, on September 23, 1999, the Pickerings timely appealed the award to the trial court.
On November 9, 1999, the Pickerings filed a "Notice of Dismissal," in which they attempted to withdraw and dismiss their appeal. Contemporaneously, a judgment entry was filed which (1) acknowledged that the Pickerings had voluntarily dismissed their arbitration appeal, and (2) entered final judgment in favor of the Pickerings for the amounts awarded by the arbitrators. Nationwide timely appealed to this Court, asserting two assignments of error.
 II. A. First Assignment of Error Once an appeal of an arbitration award is filed pursuant to [Loc.R. 10.17 of the Court of Common Pleas of Summit County, General Division], it is as if no arbitration had been held and the appeal of the arbitration award may not be voluntarily "dismissed" by the party filing the appeal.
 In Ohio, common pleas courts are empowered by C.P.Sup.R. 15 to adopt, by local rule, a system of compulsory arbitration in civil cases that come before them. Pursuant to that authority, the Court of Common Pleas of Summit County, General Division, adopted Loc.R. 10.17, which governs the arbitration appeal in the instant case. That rule provides that all appeals of court-ordered arbitration shall be de novo, and that an appeal de novo "shall be an appeal of all claims and issues raised by the pleadings in the appealed case." Midwest Comm. Constr. Co., Inc. v. Balun (Mar. 11, 1998), Summit App. No. 18507, unreported, at 5, citing Loc.R. 10.17(C) and (D) of the Court of Common Pleas of Summit County, General Division. See, also, Erickson v. Scheler
(June 28, 1999), Summit C.P. No. CV 98-06-2484, at 1-2. "An appealed case is returned to the trial judge who ordered that the case be arbitrated, and the case is then to be tried de novo, `as if no arbitration decision had been rendered.'" Midwest, supra, at 5, quoting Finke v. Farley (July 22, 1993), Hamilton App. No. C-920223, unreported, 1993 Ohio App. LEXIS 4922, at *2. In other words, upon the filing of an arbitration appeal, the arbitration award is effectively disregarded and the matter is returned to the trial court for a de novo review. See id, at 6.
Turning to the case at bar, the Pickerings have argued that the Summit County Local Rules are silent on the precise issue before this Court, to wit: whether a party may unilaterally withdraw a notice of an arbitration appeal. Extending this proposition, they have further claimed that the Summit County Common Pleas Court intended to leave such matters to the sound discretion of the particular presiding judge and that the trial court in this case was within its rights to allow them to withdraw their appeal. This Court is not persuaded.
The Pickerings filed an appeal from the arbitration award, which was favorable to them. Upon submission of that appeal, under the Summit County Local Rules, they effectively returned the entire matter to the trial court for a trial de novo. While the Summit County Local Rules are silent on the issue, the case law interpreting those and similar rules has determined that, once a party appeals an arbitration award, the matter has been returned to the trial court and that the appeal may not be withdrawn. To hold otherwise would allow the party prevailing at the arbitration hearing to appeal, allow the filing deadline to pass and dismiss that appeal, thereby thwarting the losing party's ability to object. This position is further buttressed by the fact that the local rules do not allow for cross-appeals. See Walker v. Blanton
(Apr. 3, 1996), Hamilton App. No. C-950283, unreported, 1996 Ohio App. LEXIS 1375, at *4-5 (interpreting Local Rules of the Court of Common Pleas of Hamilton County, General Division in a similar fashion). As such, this Court concludes that Loc.R. 10.17 of the Court of Common Pleas of Summit County, General Division does not permit an arbitration appeal to be withdrawn or dismissed once duly filed and that the matter must proceed for review. The trial court's dismissal of the Pickerings' arbitration appeal and entry of final judgment were, therefore, in error. Nationwide's first assignment of error is sustained.
 B. Second Assignment of Error
Because the disposition of its first assignment of error renders its second argument moot, this Court declines to address Nationwide's second assignment of error. See App.R. 12(A)(1)(c).
 III.
Nationwide's first assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this decision. Upon remand, the trial court shall reinstate the arbitration appeal and proceed to its review as soon as its schedule will allow.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ______________________ BETH WHITMORE
FOR THE COURT BATCHELDER, P. J.
CARR, J., CONCUR